UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/17/15__

WHITE LINES COM LLC,

                    Plaintiff,

          -against-

WINNINGTON NETWORKS LIMITED,

                    Defendant.

**ORDER**

13 Civ. 3059 (PGG) (RLE)

PAUL G. GARDEPHE, U.S.D.J.:

          Plaintiff White Lines Com LLC filed the Complaint in this breach of contract

action against Defendant Winnington Networks Limited on May 6, 2013. (Complt. (Dkt. No. 1))

On January 22, 2014, this Court issued an Order granting counsel for Winnington leave to

withdraw and directing Winnington to retain new counsel by February 20, 2014. (Order Jan. 22,

2014 (Dkt. No. 25)) Winnington did not do so and the Clerk of the Court issued a Certificate of

Default on March 7, 2014. (Clerk's Certificate of Default (Dkt. No. 27)) This Court ordered

Winnington to show cause on April 3, 2014, why a default judgment should not be entered

against it. (Order Mar. 14, 2014 (Dkt. No. 28)) Winnington did not appear on that date.

Accordingly, this Court entered a default judgment against Winnington at that time, (Order of

Default (Dkt. No. 33)), and referred this case to Magistrate Judge Ronald L. Ellis for an inquest

on damages. (Order Referring Case (Dkt. No. 32))

          On April 29, 2014, Judge Ellis conducted an inquest hearing, at which

Winnington did not appear. Thereafter, Judge Ellis directed each of the parties to submit

memoranda regarding damages and attorneys' fees. (Order Apr. 30, 2014 (Dkt. No. 35))

Winnington submitted nothing, but White Line submitted extensive documentary evidence,

sufficient to allow for a computation of damages. See Pltf. Ltr. May 16, 2014 (Dkt. No. 36)  On April 13, 2015, Judge Ellis issued a Report and Recommendation ("R & R") recommending that this Court award White Lines $8,825,623.81 in damages and $133,819.79 in legal fees and costs. (R & R (Dkt. No. 40))  Neither side has filed objections to the R & R.  For the reasons discussed below, this Court adopts the R & R – except as to the characterization of the interest awarded – but modifies the interest award to reflect the passage of time since the R & R was issued.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Adams v. New York State Dept of Educ., 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)).  A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

## DISCUSSION

## I.  DAMAGES FOR BREACH OF CONTRACT

In his April 13, 2015 R & R, Judge Ellis recommends that this Court award $8,825,623.81 in damages to White Lines because, "had Winnington fulfilled its five contracts with [Escrow Management Services, LLC and EMS Financial Services, LLC], which assigned [their] rights to White Lines, White Lines would have received $2,460,000 in principal in

2

addition to $6,365,623.81 in interest." (R & R (Dkt. No. 40) at 6-7)  In his R & R, Judge Ellis

also informed the parties that they had fourteen days from service of the R & R to file any

objections, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and that failure to do so

could result in waiver of review.  (Id. at 10)

Neither party has objected to the R & R.  Accordingly, Winnington has waived its

right to review by this Court.  See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis,

Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate

review of a decision in a magistrate judge's Report and Recommendation if the party fails to file

timely objections designating the particular issue."); see also Mario v. P & C Food Markets, Inc.,

313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences,

failure timely to object to a magistrate's report and recommendation operates as a waiver of

further judicial review of the magistrate's decision.").

This Court has nonetheless reviewed Judge Ellis's well-reasoned R & R and is

satisfied that "there is no clear error on the face of the record."  Nelson v. Smith, 618 F. Supp.

1186, 1189 (S.D.N.Y. 1985) (citations omitted).  In making his recommendations, Judge Ellis

applied the correct standard for determining damages for breach of contract:  the "'amount

necessary to put the plaintiff in the same economic position he would have been in had the

defendant fulfilled his contract.'"  (R & R (Dkt. No. 40) at 6) (quoting Indu Craft, Inc. v. Bank of

Baroda, 47 F.3d 490, 495 (2d Cir. 1995)); see also Oscar Gruss & Son, Inc. v. Hollander, 337

F.3d 186, 196 (2d Cir. 2003) ("Under New York law, damages for breach of contract should put

the plaintiff in the same economic position he would have occupied had the breaching party

performed the contract.").

As Judge Ellis explains fully in his R & R, had Winnington fulfilled its five contracts, White Lines would have received the following amounts in principal: (1) Winnington-Colt: $750,000; (2) Winnington-IDT: $500,000; (3) Winnington-KDDI: $400,000; (4) Winnington-Nowtel: $710,000; and (5) Winnington-Tata: $100,000. (Id. at 7; see also Etinger Decl. (Dkt. No. 36-11) at 8) Thus, White Lines is entitled to a total of $2,460,000 in principal.

Judge Ellis also calculated the interest that White Lines would have received if Winnington had fulfilled its five contracts as of April 17, 2015.[1] (R & R (Dkt. No. 40) at 4, 7) Revised to reflect interest accrued as of November 3, 2015, White Lines would have received the following amounts in interest fees: (1) Winnington-Colt: $1,841,250 (2.5 % every 15 days); (2) Winnington-IDT: $2,130,000.00 (2.0% every 7 days); (3) Winnington-KDDI: $1,188,000.00 (3.0% every 15 days); (4) Winnington-Nowtel: $1,749,500.00 (2.5% every 15 days); and (5) Winnington-Tata: $426,000.00 (2.0% every 7 days).[2] In sum, White Lines would have received $7,334,750.00 in interest.

---

[1] Although there is no clear error in his calculation of the appropriate amount of an interest award, Judge Ellis mischaracterizes the interest fees when he notes that "[a] court awards prejudgment interest according to the contractual interest rate." (R & R (Dkt. No. 40) at 6) (citing Astoria Fed. Sav. and Loan Ass'n v. Rambalakos, 49 A.D.2d 715, 716 (2d Dep't 1975)) The interest at issue here is not pre-judgment interest. Pre-judgment interest is "interest [the plaintiff] would recover on [the defendant's] [o]bligations . . . to compensate [the plaintiff] for not having use of this money during the time between [the defendant's] breach of contract . . . and the Court's order of judgment." Citibank, N.A. v. Barclays Bank, PLC, 28 F. Supp. 3d 174, 183 (S.D.N.Y. 2013) (emphasis in original). The interest at issue here is interest that Defendant owes under the underlying contracts. In other words, the interest that Judge Ellis recommends be awarded to White Lines is interest that it would have received on the principal amounts it loaned in connection with the five contracts that Winnington entered into, had Winnington fulfilled those contracts. White Lines is entitled to recover this contractual interest. See Bristol Inv. Fund, Inc. v. Carnegie Intern. Corp., 310 F. Supp. 2d 556, 566 (S.D.N.Y. 2003) ("[P]ursuant to [S]ection 5001(a) of New York's Civil Practice Law and Rules, the creditor may recover . . . the contractual interest that continues to accrue until judgment is entered against the debtor.").

[2] Each loan applied interest following the completion of a contractually specified billing cycle of 7 or 15 days. As such, interest would not accrue until the completion of the specified period. Although Judge Ellis appears to have included partial periods in his calculations, the Court's revised calculations do not.

4

Accordingly, there is no clear error in Judge Ellis's recommendation, especially in the absence of any evidence on damages that could have been supplied by Winnington, had it chosen to participate in the inquest hearing. The recommendation is adopted and revised to reflect interest accrued as of November 3, 2015, which results in a total award of $9,794,750.00 in damages to White Lines.

## II.     ATTORNEYS' FEES

The R & R also recommends that this Court award White Lines $133,819.79 in attorneys' fees. "As a general matter of New York law, . . . when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended . . . so long as those amounts are not unreasonable." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987); see Diamond D Enterprises USA, Inc. v. Steinsvaag, 979 F.2d 14, 19 (2d Cir. 1992) (same). In determining whether a requested fee award is reasonable, the starting point is the calculation of the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008). This "initial estimate" is calculated by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The determination of reasonable hourly rates is a factual issue committed to the court's discretion, and is typically defined as the market rate a "reasonable, paying client would be willing to pay." Arbor Hill, 522 F.3d at 184. "[D]istrict courts should use the 'prevailing [hourly rate] in the community' in calculating . . . the presumptively reasonable fee." Id. at 190 (second alteration in original). "[T]he 'community' for purposes of this calculation is the district where the district court sits." Id. (citing Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25

(2d Cir. 1983)). More specifically, courts should consider the market rates "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984)). In determining what rates are reasonable, a court may also rely on evidence as to the rates counsel typically charges, Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005), and "its own knowledge of comparable rates charged by lawyers in the district." Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (citing Ramirez v. N.Y. City Off–Track Betting Corp., No. 93 Civ. 682 (LAP), 1997 WL 160369, at *2 (S.D.N.Y. Apr. 3, 1997)).

　　　　　Judge Ellis thoroughly examined this issue and correctly concluded that here, "a contractual obligation exists that justifies the [C]ourt awarding attorneys' fees," and that "the attorneys' hourly rates correspond to similar rates approved by courts in this district." (R & R (Dkt. No. 40) at 8-9) Using White Lines's documentation "showing the hours expended by each attorney, the month in which the attorneys complete[d] the legal work, and the nature of the work completed," Judge Ellis correctly calculated that the total amount due for attorneys' fees is $133,819.79. (R & R (Dkt. No. 40) at 9; see also Pltf. Ltr. May 16, 2014 (Dkt. No. 36))

## CONCLUSION

Judge Ellis's April 13, 2015 Report and Recommendation (Dkt. No. 40) is

adopted by this Court as set forth above. The interest award is revised to reflect interest accrued

as of November 3, 2015. The Clerk of the Court is respectfully directed to enter judgment in

favor of White Lines as against Winnington in the amount of $9,928,569.79, and to close this

case.

Dated: New York, New York          SO ORDERED.
       November 17, 2015

Paul G. Gardephe
United States District Judge

7